IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FRANK ROSS, JR., : | |
| : | |
| Plaintiff, : | |
| : | NO. 5:10-CV-287 (MTT) |
| VS. : | |
| : | |
| SHARON DUFFEY, Warden, *et al.*, : | |
| : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. : | Before the U.S. Magistrate Judge |
| : | |

### RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Sharon Duffey, Joanne Ashley, and Stacy Rivera. Tab #14. In this motion, these Defendants contend, among other things, that Plaintiff Tarent Bryant has failed to exhaust any available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") 42 U.S.C. §1997e(a). After review, and for the reasons set forth below, it is hereby **RECOMMENDED** that the Defendants' Motion to Dismiss be **GRANTED**.

The Prison Litigation Reform Act (PLRA) mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). Moreover, the Eleventh Circuit has made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, F.3d 1321, 1326 (11th Cir. 1998).

Where, as here, a motion seeking dismissal based on the affirmative defense of failure to exhaust is filed, review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking

dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal when the plaintiff's version of the facts is accepted as true, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At this second stage of the analysis, it is the defendants' burden to prove that the plaintiff has failed to exhaust his available administrative remedies. Id.

This case must be resolved at the second stage of the Turner analysis. Plaintiff concedes that he did not submit his complaints in the form of a grievance, explaining that McEver Probation Detention, the place of his confinement, does not have a grievance officer. Plaintiff states that he spoke and wrote letters to both the warden and his case manager in an effort to resolve his complaints.

In support of their motion, Defendants submitted the affidavit of Malinda Anderson, the Assistant Superintendent and Grievance Coordinator for the McEver Probation Detention Center. In her affidavit, Anderson provides an overview of the grievance procedure and then asserts that, at all times relevant to this action, Plaintiff had access to grievance forms from her, two different counselors, and the officers stationed in the control room. Doc. 14-1. She states that at no time did Plaintiff file a grievance with regard to his instant claims. Id.

In view of the above, and in the absence of any evidence of or other indication to the contrary, Plaintiff's unsupported allegation concerning the absence of a grievance officer and/or his inability to file a grievance are unavailing. Accordingly, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that this case be **DISMISSED** with prejudice. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this

**RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

    **SO RECOMMENDED**, this 6th day of June, 2011.

                                          s/ Charles H. Weigle  
                                          Charles H. Weigle  
                                          United States Magistrate Judge