IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FRANK ROSS, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHARON DUFFEY, Warden, *et al.*, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 5:10-CV-287 (MTT) |

## ORDER

This matter is before the Court on the Plaintiff's Motion to Appoint Counsel (the "Motion"). (Doc. 30). The Plaintiff is appealing this Court's July 26, 2011 Order (Doc. 24) adopting the Magistrate Judge's Recommendation to grant the Defendants' Motion to Dismiss. The Plaintiff requests the Court appoint counsel to assist him in his appeal of that order.

Pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to afford counsel." However, '[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Hunter v. Dept. of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir. 1988) (stating that this type of decision is within the discretion of the district court). Rather, "it is a privilege that is justified only by exceptional circumstances." *Wahl*, 773 F.2d at 1174. In exercising its discretion regarding whether to appoint counsel for an indigent party, "the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel." *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

Here, the Plaintiff's district court case was dismissed because of his failure to exhaust his administrative remedies pursuant to the legal requirements of the Prison Litigation Reform Act. The Plaintiff requests the Court appoint him an attorney to help with his appeal of the Court's dismissal of his case. The Plaintiff asserts he does not have the money to attain an attorney nor does he have the knowledge to do the appeal himself. Even assuming the Plaintiff's appeal of this Court's Order has merit, appointment of counsel is unwarranted because the appeal is neither factually nor legally complex. *See Wahl*, 773 F.2d at 1174. Accordingly, because the Plaintiff has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel, the Motion is DENIED.

**SO ORDERED**, this 29th day of September, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

bnw